IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAXX HOLDINGS, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>TIFFANY LOWE,<br><br>　　Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-CV-0554-TWT-CMS |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This action is before the Court on Defendant Tiffany Lowe's application to proceed in forma pauperis and her pro se Petition for Removal from the Magistrate Court of Fulton County, Georgia. (Doc. 1). Ms. Lowe's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. (Doc. 1). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and the undersigned **GRANTS** the request for leave to proceed in forma pauperis for these proceedings only. Thus, Ms. Lowe is not required to pay the filing fee or other costs of this civil action.

However, because it is evident that this Court does not have jurisdiction over the dispossessory action filed against Ms. Lowe in the Magistrate Court of Fulton County, the undersigned **RECOMMENDS** that this action be **DISMISSED** and

**REMANDED** to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## DISCUSSION

Federal courts are courts of limited jurisdiction, which means that federal courts only have the power to provide a forum for some, not all, disputes. Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction (the authority to hear a dispute):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Accordingly, this Court must examine the Petition for Removal (Doc. 1-1) to determine whether the claims raised in the Magistrate Court of Fulton County can properly be removed to this Court.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction, or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a defendant may remove a case to federal court only if the case could have been brought there originally. Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). The statute is strictly construed, requiring remand

to the state court if any doubt exists over whether removal was proper. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003). The party seeking removal bears the burden to establish federal jurisdiction. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

In the Petition for Removal, Ms. Lowe asserts that the dispossessory proceeding filed in the Magistrate Court of Fulton County violates the federal Fair Debt Collection Practices Act. (Doc. 1-1 at 1). After reviewing the attached Dispossessory Complaint (Doc. 1-1 at 3), it is apparent that there is no federal question jurisdiction over this action. The general test for whether a state court cause of action arises under federal law is the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The Petition for Removal does not allege, nor does the Dispossessory Complaint show, that any federal statute was relied upon in the dispossessory proceeding in the Magistrate Court of Fulton County. Defenses or counterclaims based on federal laws or rights are not a proper basis for removal. See Caterpillar, 482 U.S. at 393; Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); Kemp, 109 F.3d at 712

3

("a case may not be removed on the ground of a federal question defense alone, even if that defense is valid"). Because no federal question is present on the face of the Dispossessory Complaint, there is no federal jurisdiction.[1]

## CONCLUSION

Because Ms. Lowe has failed to establish that removal of the dispossessory proceeding is proper, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Fulton County. Ms. Lowe's motion to proceed in forma pauperis (Doc. 1) is **GRANTED** solely for the purpose of remand.

So **ORDERED, REPORTED, and RECOMMENDED** this 17th day of February, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] It is also apparent that diversity jurisdiction is not present in this action because Ms. Lowe fails to allege any facts to show that the parties are diverse and that the amount in controversy exceeds the statutory threshold. See 28 U.S.C. § 1332(a).